IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RAYMOND T. DENTON, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cv-02035-SHL-atc |
| | ) | |
| BERT C. BOYD, | ) | |
| | ) | |
|     Respondent. | ) | |

**ORDER DISMISSING WITH PREJUDICE THE PETITION PURSUANT TO
28 U.S.C. § 2254, DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING
AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO
PROCEED IN FORMA PAUPERIS ON APPEAL**

On January 13, 2022, Petitioner Raymond T. Denton[1] filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition"). (ECF No. 1.) On March 11, 2022, the Court granted Petitioner leave to proceed in forma pauperis. (ECF No. 6.) A week later, the Court ordered Respondent to file the state court record and a response to the § 2254 Petition. (ECF No. 7.) A month after that, Respondent filed the state court record (ECF No. 11) and a response to the § 2254 Petition (ECF No. 13, "Response"). Petitioner did not file a reply to the Response despite requesting and receiving an extension of time to do so (ECF Nos. 14, 15), and the deadline for doing so has long since expired (ECF No. 15 at PageID 1277).

Because the § 2254 Petition is time-barred, it is **DISMISSED WITH PREJUDICE.**

---

[1] When Petitioner filed the § 2254 Petition, he was confined at the Northeast Correctional Center ("NECX") in Mountain City, Tennessee under Tennessee Department of Correction inmate number 308839. (ECF No. 1 at PageID 1.) According to the TDOC Felony Offender Information website, Petitioner is presently confined at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee. Felony Offender Information, TENNESSEE DEPARTMENT OF CORRECTION, https://foil.app.tn.gov/foil/details.jsp (last accessed Feb. 6, 2025).

I.    **STATE COURT PROCEDURAL HISTORY**

After Petitioner raped a seventy-five-year-old woman for two hours, a Shelby County Criminal Court grand jury indicted him on charges of aggravated rape, aggravated burglary, and physical abuse of an impaired person.  See State v. Denton, No. W2012-01686-CCA-R3CD, 2013 WL 6529333, at *1–2 (Tenn. Crim. App. Dec. 10, 2013) ("Denton I").  A jury convicted him on all counts, and he was sentenced as a career offender to sixty years for aggravated rape, fifteen years for aggravated burglary, and fifteen years for physical abuse of an impaired person. Id. at *1.  The trial court ordered Petitioner to serve the sentences consecutively for a total sentence of ninety years.  Id.

Petitioner appealed to the Tennessee Court of Criminal Appeals ("TCCA"), challenging "the legal sufficiency of the evidence to support his conviction of aggravated rape."  Id.  Petitioner's argument on direct appeal was "limited to [whether] there was insufficient proof establishing the element of penetration."  Id.  On December 10, 2013, the TCCA affirmed the judgment of the trial court.  Id. at *1, *5.  Petitioner did not seek permission to appeal to the Tennessee Supreme Court ("TSC").

On December 23, 2013, Petitioner filed a pro se petition for post-conviction relief ("PCR").[2]  (ECF No. 11-11 at PageID 784–90.)  The post-conviction trial court appointed counsel for Petitioner.  (ECF No. 11-11 at PageID 795.)  Petitioner filed a first amended PCR petition (id. at PageID 804–32) and a second amended PCR petition (id. at PageID 833–47).  After the post-conviction trial court held three evidentiary hearings (ECF Nos. 11-13, 11-14, 11-15), it denied relief (ECF No. 11-11 at PageID 856–75).

---

[2] Petitioner signed his pro se petition for post-conviction relief on December 23, 2013.  (ECF No. 11-11 at PageID 790.)  His petition bears a file-stamp by the post-conviction trial court dated January 3, 2014.  (Id. at PageID 784.)  For purposes of determining the timeliness of the § 2254 Petition, the Court considers the date Petitioner signed the PCR petition as the date of filing.

Petitioner appealed to the TCCA. (ECF No. 11-11 at PageID 877.) On July 16, 2020, the TCCA affirmed the judgment of the post-conviction trial court. Denton v. State, No. W2019-00500-CCA-R3-PC, 2020 WL 4036647, at *1, *9 (Tenn. Crim. App. July 16), perm. app. denied (Tenn. Nov. 17, 2020) ("Denton II"). On November 17, 2020, the TSC denied Petitioner's application for discretionary review. (ECF No. 11-23 at PageID 1226.)

## II.   FEDERAL HABEAS CLAIMS

Before the Court can decide whether the § 2254 Petition was timely filed, it must determine when it was filed—Petitioner's statements about the date of filing are contradictory. A prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Scott v. Evans, 116 F. App'x 699, 701 (6th Cir. 2004) (citing Richard v. Ray, 290 F.3d 810, 812 (6th Cir. 2002)). Here, the Court can plausibly infer from the record that (1) Petitioner placed the § 2254 Petition in the NECX mail system on January 13, 2022, and (2) he made a typographical mistake in the § 2254 Petition about the year of filing. Although Petitioner's signature page to his § 2254 Petition states that he placed it in the mail on January 14, 2021 (ECF No. 1 at PageID 10), he states in his letter that he placed it in the mail on January 13, 2022 (ECF No. 1-1 at PageID 11), and the postmark on his envelope is also dated for the year 2022 (ECF No. 1-2 at PageID 13). The Clerk of Court stamped the § 2254 Petition as received on January 21, 2022. (ECF No. 1 at PageID 1.) Thus, the Court construes January 13, 2022 as the date Petitioner filed the § 2254 Petition, which is consistent with his letter to the Clerk, the postage mark, and the Clerk's stamp. (ECF No. 1-1 at PageID 11; ECF No. 1-2 at PageID 13.)

The § 2254 Petition alleges six grounds for relief: (1) ineffective assistance of trial counsel (ECF No. 1 at PageID 4–6); (2) ineffective assistance of appellate counsel (id. at PageID 6, 8); (3) violation of the Eighth Amendment's prohibition against cruel and unusual punishment

due to "an excessive and disproportionate sentence" (id. at PageID 7); (4) deprivation of Petitioner's due process rights in violation of Brady v. Maryland, 373 U.S. 83 (1963), (id. at PageID 7); (5) prosecutorial misconduct (id. at PageID 7–8); and (6) violation of Petitioner's right to allocution (id. at PageID 8).

## III.   ANALYSIS

Respondent contends that the § 2254 Petition is time-barred and Petitioner is not entitled to equitable tolling. (ECF No. 13 at PageID 1245–47.) Respondent argues that, alternatively, Petitioner's habeas claims are either procedurally defaulted, without merit, or noncognizable in federal habeas. (Id. at PageID 1247–72.) Because the Court agrees that the § 2254 Petition is timed-barred, it does not reach Respondent's other arguments.

### A.   The § 2254 Petition Is Untimely

There is a one-year statute of limitations for filing a petition for writ of habeas corpus "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Here, the running of the limitations period began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). State convictions ordinarily become "final" when the time expires for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. Pinchon v. Myers, 615 F.3d 631, 640 (6th Cir. 2010).

The TCCA affirmed the judgment of the trial court on December 10, 2013. Denton I, 2013 WL 652933, at *5. Since Petitioner did not seek discretionary review before the TSC, his convictions became final on Monday, February 10, 2014.[3] See Eberle v. Warden, Mansfield

---

[3] Petitioner's opportunity to seek review expired on Saturday, February 8, 2014. Because the last day of the time period fell on a weekend, the deadline expired the next business day, February 10. See Tenn. R. App. P. 21(a); Fed. R. Civ. P. 6(a)(1)(C).

4

Corr. Inst., 532 F. App'x. 605, 609 (6th Cir. 2013) (stating that a petitioner's conviction becomes final when the time for a direct appeal expires); Tenn. R. App. P. 11(b) (stating that the "application for permission to appeal shall be filed with the clerk of the Supreme Court within 60 days after the entry of the judgment of the Court of Appeals or Court of Criminal Appeals"). The running of the § 2254 limitations period began on February 11, 2014. Thus, Petitioner had until February 11, 2015 to file a habeas petition. He did not do so until seven years after the deadline—his petition is therefore untimely unless the limitations period tolled. (See ECF No. 1.)

The limitations period is tolled while a properly filed state petition for post-conviction or other collateral relief is pending. 28 U.S.C. § 2244(d)(2). Here, Petitioner did file a petition for post-conviction relief on December 23, 2013. (ECF No. 11-11 at PageID 790.) On July 16, 2020, the TCCA dismissed Petitioner's appeal from the post-conviction trial court's order denying relief. Denton II, 2020 WL 4036647, at *9. On November 17, 2020, the TSC denied Petitioner's application for discretionary review. (ECF No. 11-23 at PageID 1226.) Thus, the limitations clock resumed on November 18, 2020, with three hundred and sixty-six days[4] remaining. See DiCenzi v. Rose, 452 F.3d 465, 468–69 (6th Cir. 2006) (stating that when the state court proceedings that tolled the limitations period are no longer pending, the limitation period resumes at that point where it was tolled rather than starting anew). Thus, the final day for Petitioner to file a habeas petition in this Court was November 18, 2021.[5]

Petitioner filed the § 2254 Petition on January 13, 2022 (ECF No. 1-1 at PageID 11), fifty-six days after his one-year habeas limitations period expired. Thus, the § 2254 Petition is

---

[4] 2020 was a leap year of three hundred and sixty-six days. What Is A Leap Year?, NASA SCIENCE, https://spaceplace.nasa.gov/leap-year/en/ (last accessed Feb. 6, 2025).
[5] This date affords Petitioner the benefit of liberal construction of the record by including the additional day in February 2020 for the leap year.

untimely under § 2244(d)(1) and must be dismissed unless Petitioner is entitled to equitable tolling.

      B.      Equitable Tolling Does Not Apply

Section 2244(d)(1)'s one-year statute of limitations is not jurisdictional and "is subject to equitable tolling in extraordinary circumstances." Johnson v. Settles, No. 1:17-cv-1195, 2018 WL 1788064, at *1 (W.D. Tenn. Apr. 13, 2018) (citing McClendon v. Sherman, 329 F.3d 490, 492 (6th Cir. 2003)). "The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010) (quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560–61 (6th Cir. 2000)). But "the doctrine of equitable tolling is used sparingly by federal courts." Id. at 784. "The party seeking equitable tolling bears the burden of proving he is entitled to it." Id. A habeas petitioner is entitled to equitable tolling "if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

A petitioner may also obtain review of untimely claims if he proves actual innocence. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). To open this gateway to review, a petitioner must "support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). He must also show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 327. The standard for gateway actual innocence claims is "demanding." McQuiggin, 569 U.S. at 401. "The gateway should open only when a petition

6

presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error.'" Id. at 401 (quoting Schlup, 513 U.S. at 316).

Here, Petitioner does not offer facts or arguments to support equitable tolling. (See ECF No. 1 at PageID 9 (indicating "N/A" about whether the § 2254 Petition is timely).) He does not allege that he pursued his rights diligently or that an extraordinary circumstance prohibited timely filing. He fails to assert a gateway actual innocence claim, and he presents no new evidence that was not presented at trial. His conclusory response of "N/A" about timeliness does not meet the standard for equitable tolling or actual innocence.

Because the § 2254 Petition is untimely and Petitioner is not entitled to equitable tolling, the § 2254 Petition is time-barred. Thus, it is **DISMISSED WITH PREJUDICE**.

### IV. APPELLATE ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. Miller-El v. Cockrell, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, § 2254 Rules. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A COA does not require a showing

that the appeal will succeed. Id. at 337. Courts should not issue a COA as a matter of course. Bradley v. Birkett, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, the § 2254 Petition is time-barred, and Petitioner is not entitled to equitable tolling. Because any appeal by Petitioner on the issues raised in his § 2254 Petition does not deserve attention, the Court **DENIES** a COA.

Federal Rule of Appellate Procedure 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)–(5). In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is **DENIED**.[6]

**IT IS SO ORDERED**, this 10th day of February, 2025.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] If Petitioner files a notice of appeal, he must pay the full $605.00 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of the date of entry of this Order. See Fed. R. App. P. 24(a)(5).